UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC KURTH & GIRLIE KURTH,

    Plaintiffs,

v.

LENADER B. HOLSTON, et al.,

    Defendants.

2:11-CV-1638 JCM (PAL)

**ORDER**

Presently before the court is defendants Leander Holston, et. al.'s motion to dismiss. (Doc. #11). Plaintiffs Eric and Girlie Kurth filed an opposition. (Doc. #14). Defendants then filed a reply. (Doc. #15).

Plaintiff Girlie Kurth ("Ms. Kurth"), a citizen and national of the Philippines, entered the United States on a fiancee visa on March 9, 2003. (Doc. #1). Ms. Kurth married Jessie Quintos ("Quintos") within 90 days of her arrival, and on June 26, 2003, she filed an application for adjustment of status. (Doc. #1). While waiting for an interview with USCIS, Ms. Kurth's father became ill, and she was granted advance parole to leave the United States and reenter at a later date. (Doc. #1). Ms. Kurth returned to the United States on February 17, 2004. (Doc. #1).

After her return, Ms. Kurth became involved with some domestic violence issues with her then-husband Quintos, and she moved to Las Vegas. (Doc. #1). Ms. Kurth attended a USCIS interview in Las Vegas, but Quintos refused to attend. Ms. Kurth's 2003 application to adjust her status was denied accordingly. (Doc. #1).

**James C. Mahan**
**U.S. District Judge**

1   On July 1, 2010, Ms. Kurth divorced Quintos, and then married plaintiff Eric Kurth ("Mr. Kurth") on September 9, 2010. (Doc. #1). In 2011, Mr. Kurth filed a petition for an immigrant visa for Ms. Kurth, and Ms. Kurth filed a second application for adjustment of status. (Doc. #1). USCIS interviewed the Kurths on June 1, 2011. On July 8 and 9, 2011, USCIS approved Mr. Kurth's petition for an immigrant visa but denied Ms. Kurth's application for adjustment of status. (Doc. #1). The denial stated that the only way Ms. Kurth could adjust her status was to marry the petitioner for the non-immigrant fiancee visa under which she entered the United States (*i.e.*, Quintos). (Doc. #1). Ms. Kurth was then placed in removal proceedings. (Doc. #1).

The complaint alleges that the United States Citizenship and Immigration Services ("USCIS") violated the Administrative Procedures Act ("APA") by denying Ms. Kurth's 2011 application for adjustment of status from non-immigrant to lawful permanent resident. (Doc. #1). Plaintiffs request declaratory and injunctive relief. (Doc. #1). The complaint asserts jurisdiction pursuant to 5 U.S.C. § 702, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 65. (Doc. #1).

Defendants now move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. #11). Defendants first argue that none of the cited provisions confer jurisdiction on this court to hear this case. Therefore, the case should be dismissed for lack of jurisdiction. (Doc. #11). Second, to the extent this court exercises jurisdiction, the complaint should be dismissed for failure to state a claim upon which relief can be granted. (Doc. #11).

**Legal standard**

"Federal courts are courts of limited jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

**I.   Final agency action and exhaustion**

Defendants first argue that this court does not have jurisdiction pursuant to 5 U.S.C. § 704 because USCIS's 2003 denial of Ms. Kurth's adjustment of status applications is not a final decision,

**James C. Mahan**
**U.S. District Judge**

- 2 -

and Ms. Kurth has not exhausted her administrative remedies. (Doc. #11).

Pursuant to 5 U.S.C. § 704, agency action is subject to judicial review only when it is either: (1) made reviewable by statute, or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "No statute authorizes judicial review over denials of status adjustment," so this case turns on whether the status adjustment denials were final agency actions "for which there was no other adequate remedy." *Cabaccang v. U.S. Citizenship and Immigration Services*, 627 F.3d 1313, 1315 (9th Cir. 2010).

In *Cabaccang*, the Ninth Circuit held that the denial of adjustment of status by USCIS is not a final agency action subject to judicial review during the pendency of removal proceedings. *Id.* at 1316. The immigration judge has "unfettered authority to modify or reverse USCIS's denial of [adjustment of status applications] regardless of USCIS's prior determination." *Id.* (citing 8 C.F.R. §§ 1240.1(a)(1)(I), 1245.2(a)(1)(I)). "[T]he crucial consideration here is that the [immigration judge] may completely wipe away USCIS's prior decision." *Id.* Consequently, during the pendency of removal proceedings, "[d]istrict courts lack jurisdiction to review denials of status adjustment" applications. *Id.* at 1317.

The Ninth Circuit's *Cabaccang* decision controls the case currently before the court. Removal proceedings are currently pending against Ms. Kurth, and this court lacks jurisdiction to review the denial of Ms. Kurth's status adjustment application. *See Cabaccang*, 627 F.3d at 1317. Therefore, this court lacks jurisdiction under 5 U.S.C. § 704. *Id.*

**II.  Declaratory Judgment Act**

Defendants next state that the Declaratory Judgment Act is not an independent basis for jurisdiction. Plaintiffs respond that the declaratory judgment act confers enlarged remedies to settle a justiciable claim.

The Declaratory Judgment Act "in no way modifies the district court's jurisdiction, which must properly exist independent of the" Declaratory Judgment Act. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).

. . .

James C. Mahan
U.S. District Judge

- 3 -

In the case at bar, plaintiffs plead the Declaratory Judgment Act as an independent source of jurisdiction. (Doc. #1). Plaintiffs' claim that the Declaratory Judgment Act confers enlarged remedies is immaterial to this court's jurisdictional analysis. Because the Declaratory Judgement Act does not confer independent jurisdiction, this court must dismiss plaintiffs' complaint to the extent it asserts jurisdiction pursuant to the Declaratory Judgment Act. *See Countrywide Home Loans, Inc.*, 642 F.3d at 853.

### III.   Federal Rule of Civil Procedure 65

Finally, plaintiff asserts Federal Rule of Civil Procedure 65 as a jurisdictional basis. (Doc. #1). Rule 65 is not an independent basis of jurisdiction. *See* FED. R. CIV. P. 82; *Zepeda v. U.S. Immigration and Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). Further, to the extent plaintiffs seek to review and enjoin USCIS's decision to initiate removal proceedings, this court lacks jurisdiction pursuant to 8 U.S.C. § 1252(g). *See* 8 U.S.C. § 1252(g); *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Leander Holston, et. al.'s motion to dismiss (doc. #11) be, and the same hereby is, GRANTED.

DATED May 24, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -