1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

9

10

11

12

13

14

| ERIC KURTH & GIRLIE KURTH, | 2:11-CV-1638 JCM (PAL) |
|---|---|
| Plaintiffs, | |
| v. | |
| LENADER B. HOLSTON, et al., | |
| Defendants. | |

**ORDER**

15        Presently before the court is defendants Leander Holston, et. al.'s motion to dismiss. (Doc.

16  #11). Plaintiffs Eric and Girlie Kurth filed an opposition. (Doc. #14). Defendants then filed a reply.

17  (Doc. #15).

18        Plaintiff Girlie Kurth ("Ms. Kurth"), a citizen and national of the Philippines, entered the

19  United States on a fiancee visa on March 9, 2003.  (Doc. #1).  Ms. Kurth married Jessie Quintos

20  ("Quintos") within 90 days of her arrival, and on June 26, 2003, she filed an application for

21  adjustment of status.  (Doc. #1).  While waiting for an interview with USCIS, Ms. Kurth's father

22  became ill, and she was granted advance parole to leave the United States and reenter at a later date.

23  (Doc. #1).  Ms. Kurth returned to the United States on February 17, 2004.  (Doc. #1).

24        After her return, Ms. Kurth became involved with some domestic violence issues with her

25  then-husband Quintos, and she moved to Las Vegas.  (Doc. #1).  Ms. Kurth attended a USCIS

26  interview in Las Vegas, but Quintos refused to attend.  Ms. Kurth's 2003 application to adjust her

27  status was denied accordingly.  (Doc. #1).

28

**James C. Mahan**
**U.S. District Judge**

1    On July 1, 2010, Ms. Kurth divorced Quintos, and then married plaintiff Eric Kurth ("Mr.

2  Kurth") on September 9, 2010. (Doc. #1).  In 2011, Mr. Kurth filed a petition for an immigrant visa

3  for Ms. Kurth, and Ms. Kurth filed a second application for adjustment of status. (Doc. #1). USCIS

4  interviewed the Kurths on June 1, 2011.  On July 8 and 9, 2011, USCIS approved Mr. Kurth's

5  petition for an immigrant visa but denied Ms. Kurth's application for adjustment of status.  (Doc.

6  #1).  The denial stated that the only way Ms. Kurth could adjust her status was to marry the petitioner

7  for the non-immigrant fiancee visa under which she entered the United States (*i.e.*, Quintos).  (Doc.

8  #1).  Ms. Kurth was then placed in removal proceedings.  (Doc. #1).

9    The complaint alleges that the United States Citizenship and Immigration Services

10  ("USCIS") violated the Administrative Procedures Act ("APA") by denying Ms. Kurth's 2011

11  application for adjustment of status from non-immigrant to lawful permanent resident. (Doc. #1).

12  Plaintiffs request declaratory and injunctive relief.  (Doc. #1).  The complaint asserts jurisdiction

13  pursuant to 5 U.S.C. § 702, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 65.  (Doc. #1).

14    Defendants now move to dismiss the complaint for lack of subject matter jurisdiction and

15  failure to state a claim. (Doc. #11).  Defendants first argue that none of the cited provisions confer

16  jurisdiction on this court to hear this case.  Therefore, the case should be dismissed for lack of

17  jurisdiction. (Doc. #11). Second, to the extent this court exercises jurisdiction, the complaint should

18  be dismissed for failure to state a claim upon which relief can be granted.  (Doc. #11).

19  **Legal standard**

20    "Federal courts are courts of limited jurisdiction." *United States v. Marks*, 530 F.3d 799, 810

21  (9th Cir. 2008).  "A federal court is presumed to lack jurisdiction in a particular case unless the

22  contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,

23  873 F.2d 1221, 1225 (9th Cir. 1989).  "The party seeking to invoke the court's jurisdiction bears the

24  burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

25  **I.    Final agency action and exhaustion**

26    Defendants first argue that this court does not have jurisdiction pursuant to 5 U.S.C. § 704

27  because USCIS's 2003 denial of Ms. Kurth's adjustment of status applications is not a final decision,

28

**James C. Mahan**
**U.S. District Judge**                                  - 2 -

1    and Ms. Kurth has not exhausted her administrative remedies.  (Doc. #11).

2         Pursuant to 5 U.S.C. § 704, agency action is subject to judicial review only when it is either:

3    (1) made reviewable by statute, or (2) a "final" action "for which there is no other adequate remedy

4    in a court."  5 U.S.C. § 704.  "No statute authorizes judicial review over denials of status

5    adjustment," so this case turns on whether the status adjustment denials were final agency actions

6    "for which there was no other adequate remedy."  *Cabaccang v. U.S. Citizenship and Immigration*

7    *Services*, 627 F.3d 1313, 1315 (9th Cir. 2010).

8         In *Cabaccang*, the Ninth Circuit held that the denial of adjustment of status by USCIS is not

9    a final agency action subject to judicial review during the pendency of removal proceedings.  *Id.* at

10   1316.  The immigration judge has "unfettered authority to modify or reverse USCIS's denial of

11   [adjustment of status applications] regardless of USCIS's prior determination."  *Id.* (citing 8 C.F.R.

12   §§ 1240.1(a)(1)(I), 1245.2(a)(1)(I)).  "[T]he crucial consideration here is that the [immigration judge]

13   may completely wipe away USCIS's prior decision."  *Id.*  Consequently, during the pendency of

14   removal proceedings, "[d]istrict courts lack jurisdiction to review denials of status adjustment"

15   applications.  *Id.* at 1317.

16        The Ninth Circuit's *Cabaccang* decision controls the case currently before the court.

17   Removal proceedings are currently pending against Ms. Kurth, and this court lacks jurisdiction to

18   review the denial of Ms. Kurth's status adjustment application.  *See Cabaccang*, 627 F.3d at 1317.

19   Therefore, this court lacks jurisdiction under 5 U.S.C. § 704.  *Id.*

20   **II.    Declaratory Judgment Act**

21        Defendants next state that the Declaratory Judgment Act is not an independent basis for

22   jurisdiction.  Plaintiffs respond that the declaratory judgment act confers enlarged remedies to settle

23   a justiciable claim.

24        The Declaratory Judgment Act "in no way modifies the district court's jurisdiction, which

25   must properly exist independent of the" Declaratory Judgment Act.  *Countrywide Home Loans,*

26   *Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**                                            - 3 -

1        In the case at bar, plaintiffs plead the Declaratory Judgment Act as an independent source of

2   jurisdiction. (Doc. #1). Plaintiffs' claim that the Declaratory Judgment Act confers enlarged

3   remedies is immaterial to this court's jurisdictional analysis. Because the Declaratory Judgement

4   Act does not confer independent jurisdiction, this court must dismiss plaintiffs' complaint to the

5   extent it asserts jurisdiction pursuant to the Declaratory Judgment Act. *See Countrywide Home*

6   *Loans, Inc.*, 642 F.3d at 853.

7   **III.     Federal Rule of Civil Procedure 65**

8        Finally, plaintiff asserts Federal Rule of Civil Procedure 65 as a jurisdictional basis. (Doc.

9   #1). Rule 65 is not an independent basis of jurisdiction. *See* FED. R. CIV. P. 82; *Zepeda v. U.S.*

10  *Immigration and Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). Further, to the extent

11  plaintiffs seek to review and enjoin USCIS's decision to initiate removal proceedings, this court

12  lacks jurisdiction pursuant to 8 U.S.C. § 1252(g). *See* 8 U.S.C. § 1252(g); *Jimenez-Angeles v.*

13  *Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002).

14       Accordingly,

15       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Leander

16  Holston, et. al.'s motion to dismiss (doc. #11) be, and the same hereby is, GRANTED.

17       DATED May 24, 2012.

18

19                                           _____

UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                   - 4 -